Bonifacio Díaz, demandante y apelado, *v.* Fermín Sanjurjo y José y Saturnino Fernández, demandados y apelantes.

No. 4559.—*Sometido:* Noviembre 20, 1929. *Resuelto:* Mayo 27, 1930.

*Adrián Agosto*, abogado de los apelantes; *A. Díaz Viera*, abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Fermín Sanjurjo fabricó una casa de maderas en terrenos de los hermanos José y Saturnino Fernández a quienes la hipotecó en escritura pública para garantizarles una deuda que con ellos tenía de $800. Algún tiempo después Fermín Sanjurjo vendió esa casa a Bonifacio Díaz por precio de $600, por escritura pública en la que manifestó que sólo pesaba sobre la casa la hipoteca de los hermanos Fernández, quienes comparecieron en dicho documento para recibir los $600 de la venta que le entregó su deudor a cuenta de la hipoteca y con el recibo de esa cantidad cancelaron el gra-

vamen de dicha casa. Posteriormente supo el comprador que la casa tenía otra hipoteca de $132 a favor de Julieta Raga para cuyo pago había sido embargada y cuya venta judicial estaba anunciada. Entonces fué presentada la demanda inicial de este pleito contra Fermín Sanjurjo y contra los hermanos Fernández alegando esos hechos, que en la escritura de venta se hizo constar con la anuencia de los hermanos Fernández que la casa sólo tenía la hipoteca de ellos y que su consentimiento para la compra fué obtenido ocultando los demandados la realidad de los hechos y mediante engaños fraudulentos, por lo que solicitó que fuera declarada nula la venta y que los hermanos Fernández devuelvan los $600 que recibieron. Las hipotecas no estaban inscritas en el registro de la propiedad.

Los demandados se opusieron a tales peticiones pero sólo los hermanos Fernández asistieron al juicio. La corte de distrito entendió que se había demostrado la mala fe de Sanjurjo y de los hermanos Fernández porque no podía presumir que éstos fueran inocentes en este asunto porque se beneficiaron con la transacción y porque a ellos era a quienes interesaba ocultar la verdad a fin de efectuar la venta, cuyo producto pasaba entero y totalmente a sus manos, y que el haber dicho después los Fernández que ellos arreglarían ese asunto la justificaba en llegar a la conclusión de su reconocimiento implícito en la participación ilegal que tuvieron en ese negocio fraudulento.

La sentencia de la corte de distrito declaró nulo el contrato de compraventa y condenó a José y a Saturnino Fernández a devolver al demandante los $600 que recibieron en la forma que les fueron pagados. Contra ella interpusieron esta apelación los hermanos Fernández, por lo que a ella nos limitaremos.

No encontramos justificadas las conclusiones a que llegó la corte inferior con respecto a los apelantes. No consta de la prueba que ellos celebraran contrato alguno de venta con el apelado, que le sugirieron al negocio, que manifestaran en

momento alguno que la casa tuviera solamente la hipoteca de ellos, y que ocultaran el otro gravamen hipotecario, limitándose su intervención en el asunto a comparecer en la escritura de venta para recibir a cuenta de su crédito contra Sanjurjo los $600 que él recibió del comprador y por ellos cancelar la hipoteca constituída a favor de los mismos, sin que el hecho de que recibieran ese beneficio sea por sí solo bastante para concluir que estaban interesados en ocultar la verdad y que no fueron inocentes en este asunto. Ni siquiera se ha demostrado que ellos sabían antes de dicha venta que existía la otra hipoteca. Tampoco el hecho de que José Fernández dijera a Bonifacio Díaz, según éste declaró, que él arreglaría eso, es suficiente para justificar la conclusión de un reconocimiento implícito de la participación fraudulenta por parte de los Fernández en la ocultación de la otra hipoteca.

*Por lo expuesto la sentencia apelada debe ser revocada en cuanto condena a José y a Saturnino Fernández a devolver los $600 que recibieron por su hipoteca y también en cuanto a su condena en costas.*